WO                                                                                                          JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyerel Darnel Luke,<br><br>            Plaintiff,<br><br>v.<br><br>C. Milburn, et al.,<br><br>           Defendants. | No.   CV 20-02254-PHX-JAT (JZB)<br><br>**ORDER** |

      On November 23, 2020, Plaintiff Tyerel Darnel Luke, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a December 3, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement.

      On December 23, 2020, Plaintiff filed a Motion for Extension of Time to file an Application to Proceed In Forma Pauperis, which the Court granted in a January 7, 2021 Order.

      On February 5, 2021, Plaintiff filed a Motion requesting an extension of time to file an Application to Proceed In Forma Pauperis and a "Motion and Emergency" (Doc. 11), in which Plaintiff threatened to kill prison officials and then himself.  In a February 19, 2021 Order, the Court granted Plaintiff an additional 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis and a

**JDDL**

1 certified six-month trust account statement.  In a February 23, 2021 Order, the Court 2 directed the Clerk of Court to send copies of Plaintiff's "Motion and Emergency" to the 3 Arizona Attorney General, counsel for Centurion, the Arizona Department of Corrections 4 Central Office, and counsel for the parties in *Parsons v. Ryan*, CV 12-00601-PHX-ROS.

5 On March 2, 2021, Plaintiff filed a "Motion and Still Emergency" (Doc. 18) and a 6 certified six-month trust account statement.  However, Plaintiff has not filed an Application 7 to Proceed In Forma Pauperis, as required by the December 3, 2020 Order.

**I.     Pending Motions**

**A.     Motion and Emergency**

In his February 5, 2021 Motion and Emergency, Plaintiff asks the Court to "take some protective actions" to prevent prison officers from "provoking" and "abusing [Plaintiff's] mind."  Plaintiff appears to request that the Court order the Arizona Department of Corrections (ADC) to move him to the Arizona State Hospital for emergency treatment.

The Court will deny the Motion and Emergency.  If Plaintiff wishes to assert additional claims for alleged violations of his constitutional rights, he must do so in an amended complaint.  In addition, the Court cannot order ADC to move Plaintiff to the Arizona State Hospital.

**B.     Motion and Still Emergency**

In his March 2, 2021 Motion and Still Emergency, Plaintiff asserts that Correctional Officer III Schneider threatened Plaintiff "concerning [Plaintiff's] aunt."  Plaintiff states that he made a "piss bomb" to protect himself if "they rush [his] cell."  Plaintiff states that on February 26, 2021, he saw a new psychiatrist to discuss his concerns regarding better treatment and why he did not want to return to the Seriously Mentally Ill yards.  Plaintiff told the psychiatrist that he would "try to work with him," but when Plaintiff returned to his cell, he "knew" the psychiatrist was "setting [him] up."  Plaintiff claims "these doctors work with these cops and are friends with them."  Plaintiff states that he does not "want to hurt anyone," but his "thinking tells [him]" that if he "kill[s] them, [he] will get help[]."

JDDL

1 Plaintiff requests appointment of counsel.

2 With respect to Plaintiff's request for appointment of counsel, there is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny Plaintiff's request for appointment of counsel. The Court will also deny the Motion to the extent that it seeks any other relief.

The Court, in its discretion, will grant Plaintiff an additional 30 days to file an Application to Proceed In Forma Pauperis. **Plaintiff does not need to file another certified six-month trust account statement.**

**II. Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these

**JDDL**

warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motions (Docs. 11, 18) are **denied**.

(2) Plaintiff has **30 days** from the filing date of this Order to file a complete Application to Proceed In Forma Pauperis.

(3) If Plaintiff fails to file an Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

Dated this 12th day of March, 2021.

James A. Teilborg
Senior United States District Judge