WO

JL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyerel Darnel Luke, | No.  CV 20-02254-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| C. Milburn, et al., | |
| Defendants. | |

On November 23, 2020, Plaintiff Tyerel Darnel Luke, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a December 3, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement.

On December 23, 2020, Plaintiff filed a Motion for Extension of Time to file an Application to Proceed In Forma Pauperis, which the Court granted in a January 7, 2021 Order.

On February 5, 2021, Plaintiff filed a Motion requesting an extension of time to file an Application to Proceed In Forma Pauperis.  In a February 19, 2021 Order, the Court granted Plaintiff an additional 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement.

JDDL-K

On March 2, 2021, Plaintiff filed a "Motion and Still Emergency" and a certified six-month trust account statement. However, Plaintiff did not file an Application to Proceed In Forma Pauperis, as required by the December 3, 2020 Order. In a March 12, 2021 Order, the Court gave Plaintiff an additional 30 days to file an Application to Proceed In Forma Pauperis. The Court noted that Plaintiff did not need to file another certified six-month trust account statement.

On March 22, 2021, Plaintiff filed an Application to Proceed In Forma Pauperis (Doc. 27) and a Motion for an Evaluation and Court Order (Doc. 28). The Court will grant the Application to Proceed, deny the Motion, and dismiss the Complaint with leave to amend.

## I.     Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   Complaint**

In his two-count Complaint,[1] Plaintiff sues Correctional Officer (CO) IV C. Milburn and unknown Centurion personnel. Plaintiff asserts claims of a threat to his safety and

---

[1] Portions of Plaintiff's handwriting are too faint to be legible; Plaintiff notes that he is not allowed to have a pen.

inadequate medical care.  He seeks monetary relief and injunctive relief.[2]

In Count One, Plaintiff alleges that on September 22, 2020, he submitted an Inmate Informal Complaint Resolution to the CO III on his "cluster."  Defendant Milburn, the Grievance Coordinator at the time, "deemed" the Informal Complaint unprocessed and not appealable.  Defendant Milburn cited as a reason for returning the Informal Complaint unprocessed that Plaintiff had threatened serious bodily harm to staff, prisoners, or the general public.  Plaintiff states he submitted the Informal Complaint to notify Arizona Department of Corrections (ADC) Director David Shinn of Plaintiff's voluntary request to be civilly committed or evaluated for treatment at the Arizona State Hospital because he knows that under Arizona law, he has an unqualified right to treatment because of his mental illness, specifically, schizoaffective disorder.[3]  Plaintiff claims that because of Defendant Milburn's deliberate indifference to his mental health—presumably, his return of the Informal Complaint unprocessed—Plaintiff was unable to appeal to Director Shinn for mental health treatment.

In Count Two, Plaintiff appears to allege that he appealed "all the way up to" Centurion's administration to be transferred to the Arizona State Hospital.  Plaintiff claims "they" lost or discarded his documentation about his voluntary commitment.  Plaintiff also asserts that he cannot receive the proper mental health treatment in prison "unless he kill[s] these so-call[ed] staff members."  Plaintiff claims that a doctor, Jack L. Potts, M.D., has "already cited" Plaintiff's satisfaction of the criteria for civil commitment because he is a danger to others and has a persistent or acute mental illness.  Plaintiff has tried to kill himself in the past and has warned "them" now that he will certainly kill "these evil spir[i]ts

---

[2] Specifically, Plaintiff seeks an order requiring the Arizona Department of Corrections to transfer him to the Arizona State Hospital for voluntary treatment and assessment and to be prescribed the "right" medications.  Plaintiff also seeks civil commitment because it would "benefit his mental health."

[3] Under Arizona law, in certain circumstances, "the director of the state department of corrections *may* allow the prisoner to voluntarily transfer to a licensed behavioral health or mental health inpatient treatment facility operated by the state department of corrections if the prisoner is an adult male."  Ariz. Rev. Stat. § 31-226.  Unlike female prisoners and minors, however, adult male prisoners are not allowed to voluntarily transfer to the state hospital.  *Id.*

working here" because he sees no other "cause to go."  Plaintiff alleges that "[t]hey" will not seriously treat his mental illness "until [he does] kill them."  Plaintiff asserts that the prison is not equipped to treat his mental health needs.  He claims Centurion mental health staff have been deliberately indifferent to his serious mental health needs.

## IV.   Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

### A.   Defendant Milburn

Plaintiff's claim against Defendant Milburn is based solely on Milburn's refusal to process Plaintiff's Informal Complaint.  Prisoners have a First Amendment right to file prison grievances.  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  However, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials.  Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy."  *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003).  Thus, "[w]hen an inmate sets forth a constitutional claim in a grievance to prison officials and that grievance is ignored, the inmate has the right to directly petition the government for a

redress of that claim.  Therefore, the refusal to process an inmate's grievance . . .  does not create a claim under § 1983." *Cancel v. Goord,* No. 00–C2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).

To the extent Plaintiff claim is premised on Defendant Milburn's failure to take action in response to Plaintiff's Informal Complaint, he has failed to state a claim on this basis.  Under Ninth Circuit law, a defendant can be liable for failure to act.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Generally, whether a defendant's denial of administrative grievances is sufficient to state a claim depends on several facts, including whether the alleged constitutional violation was ongoing, *see e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010), and whether the defendant who responded to the grievance had authority to take action to remedy the alleged violation, *see Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009).

Plaintiff's allegations do not support a conclusion that Defendant Milburn was aware of an ongoing constitutional violation or that he had authority to take action to remedy the alleged violation.   Plaintiff does not provide sufficient detail regarding the information he included in the Informal Complaint to support a conclusion that Defendant Milburn was aware of Plaintiff's mental health needs or that Plaintiff's rights with respect to those needs were being violated.[4]   Additionally, as noted above, Defendant Milburn lacked the statutory authority to order Plaintiff's transfer to the Arizona State Hospital, and Plaintiff does not allege that he sought any other form of assistance in his Informal Complaint.  Thus, Plaintiff fails to state a claim against Defendant Milburn.

. . . .

---

[4] Plaintiff has attached 120 pages of exhibits to his Complaint.  The instructions included with the court-approved civil rights complaint form specifically state: "You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased."  (Instructions at 2, ¶ 10.)  **If Plaintiff files an amended complaint, he must not submit exhibits.**  The Court is not responsible for reviewing 120 pages of exhibits to determine whether or how a particular individual is allegedly involved in the violation of Plaintiff's rights.

1

**B.      Medical Care**

2        Not every claim by a prisoner relating to inadequate medical treatment states a

3   violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show

4   (1) a "serious medical need" by demonstrating that failure to treat the condition could result

5   in further significant injury or the unnecessary and wanton infliction of pain and (2) the

6   defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

7   Cir. 2006).

8        "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

9   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both

10   know of and disregard an excessive risk to inmate health; "the official must both be aware

11   of facts from which the inference could be drawn that a substantial risk of serious harm

12   exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  Deliberate

13   indifference in the medical context may be shown by a purposeful act or failure to respond

14   to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*,

15   439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official

16   intentionally denies, delays, or interferes with medical treatment or by the way prison

17   doctors respond to the prisoner's medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05

18   (1976); *Jett*, 439 F.3d at 1096.

19        As noted above, deliberate indifference is a higher standard than negligence or lack

20   of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither

21   negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal.*

22   *Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter*

23   *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

24   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does

25   not amount to deliberate indifference to [a plaintiff's] serious medical needs."  *Sanchez v.*

26   *Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is

27   insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley*

28   *v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference

must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

The Eighth Amendment guarantees that prisoners receive constitutionally adequate medical and mental health care.  *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).  A heightened suicide risk or an attempted suicide is a serious medical need.  *See id.*; *see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (A 'particular vulnerability to suicide' represents a 'serious medical need.'").

Plaintiff has not alleged that any named Defendant was deliberately indifferent to his serious medical needs.  Plaintiff refers to Centurion personnel collectively, without any factual specificity regarding what any *particular individual* did or failed to do.[5]  Accordingly, Plaintiff fails to state a claim in Count Two, and it will be dismissed.

## V.  Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

---

[5] The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on, and allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights.  A plaintiff may thereafter use the discovery process to obtain the names of fictitiously named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.  __

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, he must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff files an amended complaint, he should be aware that to state an Eighth Amendment threat-to-safety claim, a plaintiff must meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Farmer*, 511 U.S. at 834 (internal quotations omitted).  Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety."  *Id.* (internal quotations omitted).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Id.* at 835.  In defining "deliberate indifference" in this context,

the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

## VI.   Pending Motion

In his Motion, Plaintiff asserts he is being mentally abused, and this Court is not "doing anything to help."[6]   Plaintiff states that the "stress[o]r with Centurion" and the Arizona Department of Corrections (ADC) is "to[o] much."   He asserts he is seriously mentally ill and that he "cannot even explain what they are doing to [his] mind with voodoo."   Plaintiff claims "[t]his is all" cruel and unusual punishment, and he is "about to lo[]se himself."   He states that the report written by Broening O'Berg Woods & Wilson P.C. tells him that "they" are not going to be truthful and "the[ir] attempt to evaluate" him is in "bad evil spirit of the Devil."[7]   Plaintiff requests that the Court order a six-month evaluation at a federal hospital to "work to see what is going on in [his] head" and prescribe the "right" medications for his mental illness.

In essence, Plaintiff requests injunctive relief in his Motion.   The Court will therefore construe the Motion as a motion for a temporary restraining order or preliminary injunction.

Whether to grant or deny a request for a temporary restraining order or preliminary injunction is within the Court's discretion.   *See Miss Universe, Inc. v. Flesher*, 605 F.2d

---

[6] Plaintiff has also included with the Complaint a Motion for Emergency Injunction and Restraining Order, but these pages are mostly illegible.   However, it appears that Plaintiff requests the same relief in that Motion as he does in his separately filed Motion for an Evaluation and Court Order.

[7] On February 5, 2021, Plaintiff filed a "Motion and Emergency."   In a February 23, 2021 Order, the Court directed the Clerk of Court to serve a copy of the Motion and the Order on the Arizona Attorney General, the Arizona Department of Corrections Central Office, counsel for Centurion, and counsel for the parties in *Parsons v. Ryan*.   On March 12, 2021, counsel for Centurion filed a Notice of Appearance and a Notice regarding the Motion and Emergency.   In the latter Notice, counsel stated that Plaintiff has been and continues to be thoroughly evaluated by Centurion mental health providers and medical providers, and that Plaintiff's recent medical records demonstrate that these providers have not observed the psychiatric signs/symptoms referenced in Plaintiff's Motion and Emergency, and in fact, when discussing the content of the Motion with Plaintiff, he remained calm, polite and readily answered questions.   Counsel asserted that Plaintiff's stated motivation for filing the Motion was to "gain transfer" to the Arizona State Hospital.

1130, 1132-33 (9th Cir. 1979).

## A. Motion for Temporary Restraining Order

A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). *See also* LRCiv 65.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

Plaintiff has not shown that he will suffer irreparable injury before Defendants can be heard in opposition and has not certified the "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Because the request for a temporary restraining order fails to comply with Rule 65(b)(1)(B), the Court, in its discretion, will deny without prejudice Plaintiff's request for a temporary restraining order. *See* LRCiv 65.1. *See also Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (district court abused its discretion in granting ex parte temporary restraining order "when there was no valid reason for proceeding ex parte and by disregarding the strict procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of such ex parte orders"); *Adobe Sys., Inc. v. S. Sun Prods., Inc.*, 187 F.R.D. 636, 643 (S.D. Cal. 1999).

## B. Motion for Preliminary Injunction

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Because Plaintiff has failed to address the elements of the test, he has failed to meet his burden of proof for a preliminary injunction. Therefore, the Court will deny without

prejudice Plaintiff's request for a preliminary injunction.

**VII.    Request for Counsel**

In the Complaint, Plaintiff requests the appointment of counsel to represent him in this case.  There is no constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants.  Thus, the Court will deny without prejudice Plaintiff's request for appointment of counsel.

**VIII.  Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 27) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    Plaintiff's Motion for an Evaluation and Court Order (Doc. 28) is **denied**.

(4)    Plaintiff's request for appointment of counsel is **denied without prejudice**.

(5)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(6)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(7)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 26th day of March, 2021.



James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

          I hereby certify that a copy of the foregoing document was mailed
          this _____ (month, day, year) to:
          Name:   _____
          Address:_____
                         Attorney for Defendant(s)

          _____
          (Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/11/16                                    1                                    **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The  first  Defendant  is  employed
as: _____ at_____.
                          (Position and Title)                                                (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
                          (Position and Title)                                                (Institution)

3.   Name of third Defendant: _____.   The  third  Defendant  is  employed
as: _____ at_____.
                          (Position and Title)                                                (Institution)

4.   Name of fourth Defendant: _____.   The  fourth  Defendant  is  employed
as: _____ at_____.
                          (Position and Title)                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    b.   Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    c.   Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
  ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
  ☐ Excessive force by an officer      ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes       ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes       ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes       ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes       ☐ No
    b.   Did you submit a request for administrative relief on Count III?           ☐ Yes       ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes       ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                                DATE                                                SIGNATURE OF PLAINTIFF




_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.